**The document below is hereby signed.**

**Dated: January 10, 2013.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
McWADE PROPERTIES, LLC,        )    Case No. 12-00634
                               )    (Chapter 11)
          Debtor.              )
```

MEMORANDUM DECISION RE DENIAL OF
DEBTOR'S MOTION TO EXTEND TIME UNDER SECTION 362(d)(3)[1]

The debtor seeks an enlargement of the time to file a plan under § 362(d)(3)(A) of the Bankruptcy Code (11 U.S.C.). The motion will be denied.

In pertinent part, 11 U.S.C. § 362(d) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> *   *   *
>    (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, **not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period)** or 30 days after the court determines that the debtor subject to this

_____

[1] This decision supplants the court's memorandum decision dated January 9, 2013 (Dkt. No. 59).

>     paragraph, whichever is later--
>         (A) the debtors filed a plan of
>     reorganization that has a reasonable
>     possibility of being confirmed within a
>     reasonable time; or
>         (B) the debtor has commenced [certain]
>     monthly payments . . . .

[Emphasis added.]  Industrial Bank holds a claim secured by the debtor's real property, which the court has determined is single asset real estate.  To avoid relief from the automatic stay in favor of Industrial Bank being mandatory, the debtor was required to file a plan under § 362(d)(3)(A) or to commence making payments as specified by § 362(d)(3)(B) by the deadline fixed by § 362(d)(3).  Unless the court were to extend the deadline, it fell on December 17, 2012, the 90th day after the debtor commenced this case by filing a voluntary petition, an act which constituted an order for relief pursuant to 11 U.S.C. § 301(b). (The alternative deadline of the 30th day after the court determined that the debtor was subject to § 362(d)(3) expired well before December 17, 2012.)

The debtor has failed to file a plan under § 362(d)(3)(A) or to commence making payments under § 362(d)(3)(B).  Accordingly, Industrial Bank is entitled to relief from the automatic stay pursuant to its pending motion for such relief unless the § 362(d)(3) 90-day deadline can be extended.  Now that the 90-day deadline has passed, the court is powerless to enlarge the 90-day deadline.

The debtor waited until the 90th day after the order for relief to file its motion seeking an enlargement of the deadline to file a plan under § 362(d)(3)(A), and did not request an emergency hearing to obtain entry of the order before the conclusion of that day.[2]  Section 362(d)(3) makes clear that the 90-day period "can be extended to "'such later date as the court may determine for cause,' but only by an 'order entered within that 90-day period.'"  *In re Amagansett Family Farm, Inc.*, 2011 WL 5079493, *3 (Bankr. E.D.N.Y. Oct. 25, 2011).  This language is unambiguous, and is not susceptible of an interpretation permitting enlargement of the 90-day period by way of an order entered after the 90-day period has expired.

An order follows denying the debtor's motion for an extension of the time to file a plan under § 362(d)(3)(A).

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification.

---

[2]  The court does not mean to suggest that if the debtor had requested an emergency hearing that one would have been granted. The debtor had it within its control to file a motion well before the last day of the 90-day period to seek entry, before expiration of the 90-day period, of an order enlarging the 90-day period.

3